UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TRAI TRUONG,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>Defendant. | Case No.: 18cv1660-MMA (MSB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS MOTIONS FOR SUMMARY JUDGEMENT**<br><br>**[ECF Nos. 14, 17]** |
|---|---|

This Report and Recommendation is submitted to the Honorable Michael M. Anello, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California. On July 20, 2018, Plaintiff Trai Truong filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his applications for disability insurance benefits. (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. (See ECF Nos. 14 & 17.) The Court has also reviewed

---

[1] The Court hereby substitutes Andrew Saul, Commissioner of Social Security, for Nancy A. Berryhill, the former Commissioner of Social Security, as Defendant in this suit. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

1

and considered Plaintiff's Reply (ECF No. 19) and Defendant's Sur-reply (ECF No. 20). The parties disagree about whether Plaintiff's residual functional capacity ("RFC") as determined by the administrative law judge ("ALJ") was inconsistent with occupational requirements for the position of laser-beam-machine operator in the Dictionary of Occupational Titles ("DOT"), such that the ALJ was required to resolve the conflict between the DOT and the vocational expert ("VE") testimony that Plaintiff could perform the occupation prior to accepting the vocational expert's testimony. (See, e.g., ECF No. 19 at 2.) For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.     PROCEDURAL BACKGROUND

On July 1, 2014, Plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act and SSI, alleging disability beginning June 1, 2013. (Certified Administrative Record ["AR"] 15.) After his claims were denied initially and upon reconsideration (AR 111-15, 117-22), Plaintiff requested an administrative hearing before an ALJ. (AR 123-24.) An administrative hearing was held on May 1, 2017 before ALJ Mark Greenberg. (AR 40-73.) Plaintiff appeared at the hearing with counsel, and testimony was taken from both Plaintiff and a VE. (AR 40-73.)

As reflected in his July 26, 2017 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, from June 1, 2013 through the date of the decision. (AR 25.) The ALJ's decision became the final decision of the Commissioner on May 24, 2018, when the Appeals Council denied plaintiff's request for review. (AR 1-6.) This timely civil action followed.

## II.     SUMMARY OF THE ALJ'S FINDINGS

The ALJ determined based on Plaintiff's earnings that Plaintiff had disability insurance coverage through December 31, 2017. (AR 17.) The ALJ proceeded to use the

five-step sequential evaluation process to guide his determination of whether Plaintiff was disabled. (AR 16-25.)

At step one, he determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, June 1, 2013. (AR 18.)

At step two, the ALJ found that Plaintiff had "the following severe impairments: degenerative disc disease of the cervical and lumbar spine, epicondylitis, degenerative joint disease of the right elbow, radial tunnel syndrome, depressive disorder, and generalized anxiety disorder." (Id.) Because he found that these impairments "more than minimally" affected Plaintiff's ability to perform basic work activities, the ALJ considered the impairments severe. (Id.)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (Id.)

Next, the ALJ determined Plaintiff's RFC, or the most an individual can do despite his limitations (see 20 C.F.R. §§ 404.1545(a), 416.945(a)):

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with lifting and/or carrying 20 pounds occasionally and 10 pounds frequently and sitting, or standing or walking, up to 6 hours. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. He can frequently reach, handle, and finger bilaterally, but only occasionally reach overhead bilaterally. He should have no concentrated exposure to cold or vibration. He should have no exposure to unprotected heights. He can perform detailed non-complex instructions.

(AR 20.)

The ALJ then proceeded to step four of the sequential process, the only step at-issue in this case. Here, with the help of testimony from the VE, the ALJ found that Plaintiff was capable of performing his past relevant work ("PRW") as a "Laser[-Beam-]

3

Machine Operator (DOT[2] 815.682-010), light work in exertional level, and semi-skilled with an SVP of four." (AR 24.) The ALJ specifically relied on the VE's representation that her testimony that Plaintiff could perform work as a laser-beam-machine operator was consistent with the DOT, stating that he did so "because of her credentials." (AR 24-25.) Based on his step four determination, the ALJ concluded that Plaintiff was not disabled. (AR 25.)

### III. SOLE ISSUE IN DISPUTE

As reflected in Plaintiff's motion for summary judgment, the sole disputed issue in this case is whether the ALJ committed legal error at step four of the sequential evaluation process. Specifically, Plaintiff contends that the ALJ erred by accepting the VE's testimony that an individual with Plaintiff's RFC, particularly the limitation to "detailed non-complex" work, could perform the job of laser-beam-machine operator. (ECF No. 14-1 at 9.) According to Plaintiff, several features of the DOT definition of laser-beam-machine operator conflict with the ALJ's finding that Plaintiff had an RFC for "detailed non-complex instructions," and the ALJ was not permitted to rely on the VE's testimony without resolving the apparent conflict. (Id.) Plaintiff further argues that the "detailed non-complex instructions" part of the RFC precluded semi-skilled work, and under Social Security Ruling 00-4P, resolving this conflict would have been inconsistent with regulatory policy, and therefore not permitted. (Id. at 8-9.) Defendant contends that there is no apparent conflict between Plaintiff's RFC and the demands of Plaintiff's PRW as a laser-beam-machine operator, and accordingly the ALJ's step four finding was supported by substantial evidence. (ECF No. 17-1 at 3-6.)

### IV. STANDARD OF REVIEW

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of

---

[2] "DOT" refers to the Dictionary of Occupational Titles.

4

judicial review is limited, and the denial of benefits will not be disturbed if it is supported by substantial evidence in the record and contains no legal error. Id.; Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012).

Substantial evidence means "more than a mere scintilla, but less than a preponderance." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009) (quoting Desrosiers v. Sec'y Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)). Substantial evidence is further defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). The reviewing court may enter a "judgment affirming, modifying, or reversing" the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the case to the Social Security Administration for further proceedings. Id.

## V. DISCUSSION

### A. Step Four Evaluation Process

At step four, the ALJ must assess a claimant's RFC and determine whether the identified abilities will permit the claimant to perform the requirements of his PRW. See 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant bears the burden of showing he can no longer perform past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). If the ALJ determines that the claimant can perform PRW, then it finds that the claimant is not disabled, and the claim is denied. 20 C.F.R. §§ 404.1520(a)(4)(iv),

416.920(a)(4)(iv). The step four evaluation "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of his or her PRW to determine whether the individual can still do that work." Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *2 (1982).[3] The ALJ's determination in this regard "must be developed and explained fully in the disability decision." Id. at *3. A decision finding that a claimant is not disabled at step four must include findings regarding the claimants RFC, the physical and mental demands of the PRW, and that the individual's RFC would allow him to return to his past occupation. Id. at *4; see also Ocegueda v. Colvin, 630 F. App'x 676, 677 (9th Cir. 2015) (same).

**B.     An ALJ Must Reconcile Conflicts Between the VE's Testimony and the DOT**

To aid in the evaluation process described above, the ALJ is to "take administrative notice of 'reliable job information' available from various publications, including the DOT," and consider the testimony of VEs. SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000) (citing 20 C.F.R. §§ 404.1566(d)-(e), 416.966(d)-(e)). The DOT sets forth job requirements for each listed occupation, assigning numerical values to the level of necessary General Educational Development ("GED"), or informal and formal educational aspects required for job performance. Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015) (citing DOT, App. C, 1991 WL 688702 (4th ed. 1991)). Among the GED levels is a category that quantifies the reasoning ability needed to perform the job, "ranging from Level 1 (which requires the least reasoning ability) to Level 6 (which requires the most)." Id. VEs may testify about the specific occupations that a person with claimant's RFC would be able to perform. Id. at 846 (citing 20 C.F.R. § 416.966(e)).

"When there is an apparent unresolved conflict between the VE[] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE[] evidence to support" a disability determination. SSR 00-4P, 2000 WL

---

[3] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1898704, at *2; see also id. at *4 ("[T]he adjudicator has an affirmative responsibility to ask about any possible conflict between that VE[] evidence and information provided in the DOT."); Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (explaining that SSR 00-4P requires an ALJ to "determine whether the expert's testimony deviates from the [DOT] and whether there is a reasonable explanation for any deviation"). The ALJ must explain the reconciliation in its decision based on persuasive evidence. SSR 00-4P, 2000 WL 1898704, at *4; Pinto, 249 F.3d at 846. This process ensures that the record is clear regarding an ALJ's reasons for relying on VE testimony that is inconsistent with the DOT. Massachi, 486 F.3d at 1153.

**C.      The VE's Testimony Conflicted with the DOT**

As the Court can best surmise, Plaintiff advances two arguments for why his RFC[4] is incompatible with the DOT classifications for Laser-Beam-Machine Operator. First, Plaintiff argues that an RFC permitting performance of "detailed non-complex instructions" is in apparent conflict with his ability to perform a job with Reasoning Level 3. (ECF No. 14-1 at 7-8.) Second, Plaintiff alleges that the ability to perform a semi-skilled job is also in apparent conflict with the "non-complex instructions" limitation within Plaintiff's RFC.

**1.      "Detailed non-complex instructions" and Reasoning Level 3**

At the May 1, 2017 hearing, the ALJ questioned the VE about Plaintiff's PRW and his ability to return thereto. (AR 57-61; 67-72.) He asked if a hypothetical individual

---

[4] Plaintiff states at the end of his brief that the VE testimony that Truong could perform the past relevant work of laser-beam-machine operator conflicts with "definitions of general educational development, the things code for operating-controlling, the status of the occupation as semi-skilled, the regulatory definition of semi-skilled work as more complex than unskilled work, and the ruling definition of work requiring many months to learn as complex." (See ECF No. 14-1 at 9.) However, the argument section only articulates the two arguments discussed here.

with the same age, education, PRW, and RFC[5], including ability to perform "detailed but non-complex work," would be able to perform any of Plaintiff's PRW. (AR 67.) The ALJ specifically drew the VE's attention to the "detailed non-complex" feature of the RFC and asked whether any of the past work could be performed. (AR 67.) The VE stated that such a person would be able to perform work as a laser beam machine operator, as generally performed.[6] (AR 67.) Toward the end of the ALJ's questioning of the VE, he asked her whether her testimony was consistent with the DOT, and she stated that it was. (AR 71.)

When determining the Plaintiff's RFC, the ALJ found that Plaintiff could "perform detailed non-complex instructions." (AR 20.) In his written decision, the ALJ recounted the VE's testimony that with this RFC, Plaintiff could perform his past work of laser beam machine operator. (AR 24-25.) The ALJ further noted the VE's assertion that her testimony was consistent with the DOT. (AR 25.)

The DOT description of Laser-Beam-Machine Operator provides the following: "Reasoning: Level 3 – Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DICOT 815.682-010 (G.P.O.), 1991 WL 681604. In contrast, reasoning level below that, Reasoning Level 2, provides that a worker should be able to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, APP. C, 1991 WL 688702.

---

[5] Though the ALJ posed several hypotheticals to the VE, the initial hypothetical included the RFC that the ALJ ultimately arrived at, worded somewhat differently, and is the hypothetical that it relevant to the ALJ's opinion. (See AR 67, 20.)

[6] Plaintiff's past position of laser-beam-machine operator as actually performed was incompatible with the lifting restrictions in Plaintiff's RFC, so the VE answered the ALJ's hypothetical as to the occupation as generally performed. (See AR 57-58, 67.)

8

Two fairly recent cases from this circuit have compared DOT reasoning levels with the ALJ's RFC determination to ascertain whether there was an apparent conflict between the two that required the ALJ's resolution. In <u>Zavalin v. Colvin</u>, the Court found an apparent conflict when a VE testified that a person with Zavalin's limitation to "simple, routine or repetitive work" could meet the demands of Reasoning Level 3. 778 F.3d at 846-47. In <u>Rounds v. Commissioner Social Security Administration</u>, the Court found "[t]here was an apparent conflict between Rounds' RFC, which limits her to performing one- and two- step tasks, and the demands of Level Two reasoning, which requires a person to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" 807 F.3d 996, 1003 (9th Cir. 2015). In both <u>Zavalin</u> and <u>Rounds</u>, the Court compared the language of the RFC to the language of the reasoning levels at-issue, and noted similarities and differences, to determine which reasoning level best matched the RFC described by the ALJ. See <u>Zavalin</u>, 778 F.3d at 847 ("We find the conflict to be plain when we consider, side-by-side, the definitions of Level 2 and Level 3 Reasoning. . ."); <u>Rounds</u>, 807 F.3d at 1003 ("The conflict between Rounds' RFC and Level Two reasoning is brought into relief by the close similarity between Rounds' RFC and *Level One* reasoning.") (emphasis in original).

The RFC currently before the Court is different from that in <u>Zavalin</u> and <u>Rounds</u>, so the cases are instructive rather than controlling as to the claimed conflict here. However, a comparison of the language of the GED reasoning levels and Plaintiff's RFC demonstrates that the ALJ's RFC limiting him to "detailed non-complex instructions," tracks closely to Reasoning Level 2's requirement that a person be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." The Court agrees with Defendant that the use of the word "detailed" is not determinative here and "the RFC must be read holistically." (See ECF No. 17-1 at 4, 5.) The fact that the ALJ followed "detailed" by "non-complex" is significant. "Detailed" in the DOT's description of Reasoning Level 2 is modified by "but uninvolved." See, e.g., <u>Abrew v. Astrue</u>, 303 F. App'x 567, 569–70 (9th Cir. 2008) (emphasizing the phrase "but

uninvolved" to affirm the ALJ's finding that plaintiff could perform jobs with Level Two reasoning, despite a limitation to simple tasks); Meissl v. Barnhart, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005) ("Even more problematic for Meissl's position is that she ignores the qualifier the DOT places on the term 'detailed' as also being 'uninvolved.'"). Another district court in this circuit has employed dictionary definitions to define "uninvolved," noting that involved means complex, and concluding that "'detailed, but uninvolved' instructions may consist of a number of steps, none of which are complex." See Patton v. Astrue, No. 6:11-CV-06423-ST, 2013 WL 705909, at *1 (D. Or. Feb. 25, 2013) (citing Webster's New Int'l Dictionary 1191 (3d ed. 2002); Abrew, 303 F. App'x at 569-70.); see also Flaherty v. Halter, 182 F. Supp. 2d 824, 850 (D. Minn. 2001) ("Although the DOT definition does state that the job requires the understanding to carry out detailed instructions, it specifically caveats that the instructions would be uninvolved—that is, not a high level of reasoning."). The Ninth Circuit has strongly suggested the same through the way it paraphrased the requirements of Reasoning Level 2 as "applying common sense to carry out detailed but uncomplicated instructions." Zavalin, 778 F.3d at 847.

    This Court agrees that "uninvolved" means "non-complex," or "simple." Therefore, as in Rounds, the Court finds that the "close similarity" between Plaintiff's RFC and Reasoning Level 2 indicates that Level 2, rather than Level 3, applies to Plaintiff's RFC in this case. Also, as in Zavalin, there are inconsistencies between Plaintiff's RFC and Level 3 Reasoning— for example someone limited to non-complex or simple tasks, even those that are detailed, may struggle with instructions in "diagrammatic form," which may be abstract. Id. Dealing with "problems involving several concrete variables" as opposed to "a few" may quickly become complex. (See DOT, APP. C, 1991 WL 688702 (emphasis added).)

    Defendant argues without authority that "accepting Plaintiff's argument would create an absurdity that an individual limited to 'simple, repetitive work' is only capable of the same level reasoning as someone limited to 'detailed non-complex instructions.'"

(See ECF No. 17-01 at 5.)  The Court is not persuaded.  First, with all of the occupations in the DOT divided into six reasoning categories, it seems likely that there will be some limited ability variations within each category.  Second, given the preceding discussion interpreting the two phrases, the Court does not believe that this interpretation would be an absurd outcome.

This Court's finding that there is an apparent conflict between Plaintiff's RFC limiting him to "detailed, non-complex instruction" and Level 3 Reasoning is consistent with the holdings of district courts in this and other circuits.  (See, e.g., Ebony B. v. Berryhill, No. 5:18-cv-01063-GJS, 2019 WL 1296875, at *3 (C.D. Cal. Mar. 21, 2019) ("Here, an apparent conflict exists between the Level 3 reasoning requirement and Plaintiff's limitations to non-complex tasks."); Burtenshaw v. Berryhill, No. 5:16-CV-02243-GJS, 2018 WL 550590, at *5 (C.D. Cal. Jan. 23, 2018) ("Here, an apparent conflict existed between Plaintiff's limitation to non-complex, routine tasks and the Level 3 reasoning requirement."); Bowman v. Colvin, 228 F. Supp. 3d 1121, 1139-41 (D. Or. 2017) (finding RFC providing for "simple and detailed, but not complex tasks" in apparent conflict with Reasoning Level 3 and SVP 4); Davis v. Astrue, No. 3-06-CV-883-B, 2008 WL 517238, at *5 (N.D. Tex. Feb. 27, 2008) (finding ALJ erred by finding person with RFC "limited to following simple or detailed instructions" could perform Reasoning Level 3 job); Trebilcock v. Barnhart, No. 04-18-P-S, 2004 WL 2378856, at *3 (D. Me. Oct. 25, 2004) (finding RFC allowing "no more than simple instructions, occasionally detailed, not complex," inconsistent with Reasoning Level 3), report and recommendation adopted, 2004 WL 2607801 (D. Me. Nov. 15, 2004); Hodgson v. Barnhart, No. 03-185-B-W, 2004 WL 1529264, at *2 (D. Me. June 24, 2004) (finding RFC of no "more than simple, occasionally detailed, non-complex instructions" "might be consistent with a GED reasoning level of 1 or 2, but it is not consistent with a GED reasoning level of 3"), report and recommendation adopted, 2004 WL 1770148 (D. Me. Aug. 4, 2004), aff'd, 129 F. App'x 633 (1st Cir. 2005).

///

## 2. "Non-complex instructions" and semi-skilled work

Plaintiff attempts to tie together DOT definitions, the Code of Federal Regulations' provisions regarding skill level, and a Social Security Ruling 00-4P regarding conflicts between DOT and VE evidence to argue that by limiting Plaintiff to "detailed, non-complex work, the ALJ necessarily precluded the ranges of work requiring more than detailed tasks and all work having proper classification as complex—the ALJ precluded semi-skilled work." (ECF No. 14-1 at 8.) He notes that as defined by the Code of Federal Regulations, semi-skilled work is less complex than skilled work and more complex than unskilled work. (Id.) Because semi-skilled work is more complex than unskilled work, plaintiff argues that it is inherently complex, and therefore in conflict with the ALJ's RFC for non-complex work. (Id.) Defendant claims this argument is attenuated and that the length of time it takes to learn the occupation of laser-beam-machine operator is immaterial, specifically noting that the relevant Social Security Ruling, 00-4P, "never states that jobs taking more than 30 days to learn are by definition 'complex' . . . [i]nstead, 00-4[P] states that work requiring more than 30 days to learn is above the unskilled level." (ECF No. 17-1 at 4-5.)

While Plaintiff's argument has some logical appeal, it is unavailing. The Court has reviewed Plaintiff's second argument several times, and Plaintiff does not offer any authority other than word-play for his underlying assumption that any semi-skilled work is categorically complex, e.g. that because semi-skilled work is more complex than unskilled work, it is above the non-complex threshold. Furthermore, the Court observes that the occupation listings in the DOT disprove Plaintiff's assertion. As described in the preceding section, an RFC for "simple, repetitive work" or "detailed non-complex instruction" is consistent with Reasoning Level 2. Additionally, a job's specific vocational preparation time ("SVP"), corresponds to its skill level: "unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT." SSR 00-4P, 2000 WL 1898704, at *3. If Plaintiff's position were correct, and an RFC for simple or "non-complex" instruction

12

limited a Plaintiff to only unskilled work (SVP Level 1 or 2), the Court would expect that there would be no occupations in the DOT that have Reasoning Level 1 or 2 and SVP level 3 or 4. However, that is not the case. Quite to the contrary, a LEXIS search for Reasoning Level 1 occupations that are also SVP Level 4 reveals two occupations—"mattress stripper" and "kiss setter, hand." See DOT, U.S. Dep't of Labor, Nos. 780.687-026, 529.687-122 (4th ed., rev. 1991). More aligned to the facts of this case, a similar search for occupations with a Reasoning Level 2 and SVP Level 4 returned 334 occupations. That numerous occupations in the DOT combine Reasoning Level 2 and semi-skilled work at SVP Level 4 indicates that the semi-skilled work and the limitation to non-complex instruction are not incompatible. Because the Court finds that this argument is untenable, it does not reach the next part of Plaintiff's argument, that such a conflict cannot be reconciled by VE testimony. (See ECF No. 14-1 at 9.)

C.      **The ALJ Failed to Reconcile the Conflict.**

Having found that an RFC for detailed, non-complex instructions is apparently inconsistent with Level 3 Reasoning, this Court considers whether the ALJ obtained a reasonable explanation for the conflict and articulated his resolution on the record. (See SSR 00-4P, 2000 WL 1898704, at *2-4.)

Early in his questioning of the VE regarding hypotheticals, the ALJ followed up on his hypothetical asking whether someone with Plaintiff's vocational profile and RFC could perform his past relevant work as generally performed, by specifically stating "I'm more wondering about the detailed non-complex?" (AR 67.) That the ALJ drew the VE's attention to this particular part of the RFC suggests that the ALJ was aware that there was a possible conflict between the DOT definition of Plaintiff's PRW and Plaintiff's RFC. The VE simply stated "Detailed I believe, yes. It does allow for, yes, laser beam machine operator." (Id.) After finishing with his hypotheticals, the VE confirmed to the ALJ that her testimony was consistent with the DOT. (AR 71.) In his written decision, the ALJ relied on the VE's testimony that Plaintiff could perform work as a laser-beam-machine operator, his own comparison of Plaintiff's RFC and the occupation identified by the VE,

13

and the VE's statement that her testimony was consistent with the DOT to conclude that Plaintiff could perform the past relevant work of laser-beam-machine operator. (AR 24-25.) The ALJ specifically noted his reliance on the VE's testimony in light of her credentials. (AR 25.)

The Social Security Administration has provided some non-exhaustive examples of how a VE may reasonably explain why her conflicting testimony should be accepted over the DOT information:

> Evidence from VEs . . . can include information not listed in the DOT. The DOT contains information about most, but not all, occupations. The DOT's occupational definitions are the result of comprehensive studies of how similar jobs are performed in different workplaces. The term "occupation," as used in the DOT, refers to the collective description of those jobs. Each occupation represents numerous jobs. Information about a particular job's requirements or about occupations not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from a VE's or VS's experience in job placement or career counseling.
>
> The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE . . . or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT.

SSR 00-4P, 2000 WL 1898704, at *2-3. Unlike the Administration's examples, the VE's denial of the conflict in this case did nothing to explain why her testimony differed from the information contained in the DOT. Since the ALJ relied on the VE's testimony denying a conflict, the ALJ did not explain his conclusion that Plaintiff could perform a job that appeared beyond the RFC the ALJ determined for Plaintiff. As a result, the Court "cannot determine whether substantial evidence supports the ALJ's step-[four] finding." Rounds, 807 F.3d at 1004 (quoting Zavalin, 778 F.3d at 848).

The Court rejects Defendant's argument that the ALJ reasonably relied on the VE's expertise to conclude that Plaintiff's RFC was consistent with the demands of his past relevant work. (See ECF No. 17-1 at 6.) In support of this argument, Defendant cites to Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005), for the general proposition that "'[a] VE's recognized expertise provides the necessary foundation for his or her testimony' and, therefore, 'no additional foundation is required.'" (ECF No. 17-1 at 6.) However, the issue here is not whether the VE laid an adequate foundation for the consideration of her expert opinion, as in Bayliss, but whether she provided adequate testimony for the ALJ to embrace her opinion over the conflicting information in the DOT.

The ALJ cannot simply rely on the VE's testimony that there is no conflict between her testimony and the DOT, when there is an apparent unresolved conflict; the ALJ must reconcile the conflict. See Rounds, 807 F.3d at 1003 (finding the ALJ erred by accepting VE testimony that the plaintiff could perform an occupation with a reasoning level that was apparently inconsistent with his RFC, even though the VE testified that his testimony was consistent with the DOT unless he specified otherwise); Massachi, 486 F.3d at 1153; SSR 00-4P, 2000 WL 1898704, at *2 ("When there is an apparent unresolved conflict between the VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled."); see also, e.g., Tester v. Colvin, 624 F. App'x 485, 487 n.2 (9th Cir. 2015) ("The Commissioner's argument that the ALJ was entitled to rely on the VE's response that there was no conflict is unavailing. ALJs have an affirmative responsibility to resolve apparent conflicts, see SSR 00-4p, and a VE's answer that there is no conflict does not eliminate that duty where, as here, the record evinces a potential conflict."); Barbee v. Berryhill, No. 16-CV-1779-BEN-(DHB), 2017 WL 3034531, at *14 (S.D. Cal. July 18, 2017), report and recommendation adopted, 2017 WL 3772975 (S.D. Cal. Aug. 31, 2017); Norris v. Colvin, No. EDCV 12-1687 RNB, 2013 WL 5379507, at *2-3 (C.D. Cal. Sept. 25, 2013);

Marquez v. Astrue, No. CV 11-339-TUC-JGZ, 2012 WL 3011779, at *3 (D. Ariz. July 23, 2012); Gonzales v. Astrue, No. 1:10-CV-01330-SKO, 2012 WL 2064947, at *4 (E.D. Cal. June 7, 2012).

**D.    Remand is Appropriate.**

Plaintiff asks the Court to reverse and award benefits. (See ECF No. 14-1 at 9.) Defendant argues that appropriate remedy is remand for further administrative proceedings. (See ECF No. 17-1 at 6.)   Where further proceedings may remedy defects in the original administrative proceedings, remand is appropriate. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). The Court recommends that this case be remanded for further proceedings to enable the ALJ to determine (a) whether there is a reasonable explanation to justify relying on the VE's previous testimony and/or (b) at step five, whether the VE is able to identify other jobs that require no more than Level 2 reasoning and are suitable for someone with plaintiff's limitations. See Rounds, 807 F.3d at 1004 & n.5; see also Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012); Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

## VI.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that Plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings.

///
///
///
///
///
///
///
///

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. See Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. See id.

**IT IS SO ORDERED.**

Dated: July 19, 2019

Honorable Michael S. Berg
United States Magistrate Judge